UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHERALEE A. CARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CV-378 |
| | ) | (VARLAN/SHIRLEY) |
| NORTHLAND GROUP, INC., | ) | |
| SHERMAN FINANCIAL GROUP, LLC, | ) | |
| LVNV FUNDING, LLC, and | ) | |
| RESURGENT CAPITAL SERVICES, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This case alleging claims under the Fair Debt Collection Practices Act ("FDCPA") is before the Court on defendants' Joint Motion to Dismiss [Doc. 3], to which plaintiff has responded [Doc. 6] and defendants have replied [Doc. 7]. The Court has carefully considered the relevant pleadings and the matter is now ripe for determination. For the reasons set forth below, the defendants' motion to dismiss will be **GRANTED**.

**I.      Background**[1]

This case arises from defendants' alleged attempts to collect a credit card debt owed by plaintiff Cheralee A. Carr to Citibank [Doc. 1 at ¶ 9]. Defendants Sherman Financial Group, LVNV Funding, LLC, and Resurgent Capital Services, LLP (collectively referred to

---

[1] For the purposes of a motion to dismiss, the Court takes plaintiff's factual allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint" (citations omitted)).

as "the Sherman defendants") are affiliated companies that operate as a debt buying enterprise [*Id*. at ¶ 11]. The Sherman defendants are engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers [*Id*. at ¶ 15]. After plaintiff's alleged debt was in default, it was consigned, sold, or otherwise transferred to defendants for collection [*Id*. at ¶ 10]. Defendant Northland Group, Inc. ("Northland") is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another [*Id*. at ¶ 18].

On August 29, 2011, defendant Northland sent a collection letter to plaintiff, a copy of which is attached to the Complaint as Exhibit 1, which was the "initial communication" by Northland with plaintiff in connection with the collection of the debt [*Id*. at ¶¶ 19, 24, Ex. 1]. The August 29, 2011 letter states that defendant LVNV Funding, LLC, is the current owner of plaintiff's debt and the balance due is $4,903.89 [*Id*. at ¶ 21, Ex. 1]. The August 29, 2011 letter further states in part:

> LVNV Funding, LLC, the current creditor of your account has assigned the above referenced account to Northland Group, Inc. for collection. As of the date of this letter, you owe $4,903.89. Because of interest that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call (866) 648-4513 ext. 3310.

[*Id*. at ¶ 22, Ex. 1]. The second page of the August 29, 2011 letter contains the following privacy notice on behalf of the Sherman defendants:

> **Information We May Collect**. The Sherman Companies may collect the following personal information: (1) information that we receive from your

account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information."

\* \* \*

**Sharing Collected Information with Affiliates.** From time to time, the Sherman Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act.

**Sharing Collected Information with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collection Practices Act.

[*Id.* at ¶ 34, Ex. 1]. The plaintiff did not pay the debt within 5 days of this initial communication [*Id*. at ¶ 27].

On October 14, 2011, defendant Resurgent Capital Service, L.P. ("Resurgent") sent a collection letter to plaintiff which identifies the previous creditor as Citibank, the current creditor as LVNV Funding LLC, and the balance as $4,975.90. The October 14, 2011 letter also states in part:

This letter is in response to your questions regarding the status of the above referenced account. The current balance reflected on this account is $4,975.90. This account was acquired from Citibank on 4/5/2006.

3

> Should you desire to pay off the account in full, you should contact us at 1-888-665-0374 to determine the payoff balance as interest, payments, credits, fees, and/or other permissible charges can continue to cause your account balance to vary from day to day.

[*Id*. at ¶¶ 25–26, Ex. 2]. The second page of the October 14, 2011 letter contains a nearly identical privacy notice as that contained in the August 29, 2011 letter [*Id*., Ex. 2].

## II. Analysis

### A. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at

4

570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

In reviewing a claim under the FDCPA, the Court must use the "least sophisticated consumer" standard to determine whether a debt collector has used deceptive or misleading language. *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 172 (6th Cir. 2011). This is an objective test that asks whether there is a reasonable likelihood that an unsophisticated consumer who is willing to consider carefully the contents of a communication might yet be misled by them. *Id*.

**B.    Written Notice Containing the Amount of the Debt**

Plaintiff asserts that the August 29, 2011 letter violated the FDCPA in several ways. First, plaintiff alleges that the August 29, 2011 letter, as the "initial communication" regarding the debt, "failed to correctly inform Plaintiff of the applicable interest rate, and the letter did not expressly state as of what date that amount is due or what impact payment of the stated amount would have on the consumer's obligation to pay later-accruing interest" [Doc. 1 at ¶ 28]. Plaintiff further alleges that "[w]ithin five days after the initial communication by Defendant Northland with Plaintiff in connection with collection of the debt, Defendant Northland failed to send Plaintiff a written notice containing the amount of

5

the debt that Defendant Northland was attempting to collect, in violation of 15 U.S.C. § 1692g(a)(1)" [Doc. 1 at ¶ 29]. Defendants argue that this claim is "specious" because the August 29, 2011 letter clearly communicates the amount due on the date of the letter and the letter contains the "safe harbor" language approved in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000)[2] [Doc. 4 at pp. 6–7].

The FDCPA requires:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing (1) the amount of the debt... .

15 U.S.C. § 1692g(a)(1). It is undisputed that defendants did not send plaintiff a subsequent communication within 5 days of the August 29, 2011 letter. The question then is whether the August 29, 2011 letter contained "the amount of the debt," thus eliminating the need for another communication within 5 days. The Court finds that the August 29, 2011 letter clearly states the amount due as of the date of the letter: "As of the date of this letter, you

---

[2]In *Miller*, the Seventh Circuit created a "safe harbor" formula for compliance with the "amount of the debt" provision of the FDCPA in cases where the amount varies from day to day. 214 F.3d at 876. According to *Miller,* the following statement satisfies the debt collector's duty to state the amount of the debt: "As of the date of this letter, you owe $___[the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-[phone number]." The *Miller* court concluded that a debt collector who uses the safe harbor language, which is very close to the language used in the August 29, 2011 letter in this case, will have discharged his duty to state clearly the amount due as a matter of law because "[n]o reasonable person could conclude that the statement that we have drafted does not inform the debtor of the amount due." *Id*.

6

owe $4,903.89" [Doc. 1, Ex. 1]. However, the letter further states, "[b]ecause of interest that may vary from day to day, the amount due on the day you pay may be greater" [*Id*.]. Plaintiff argues that this language could be interpreted by the least sophisticated consumer as attempting to collect additional amounts above the balance due. Because plaintiff received no follow-up communication concerning the amount of the debt within 5 days of the August 29, 2011 letter, plaintiff contends that defendants violated section 1692g(a)(1) [Doc. 6 at p. 13]. The undersigned disagrees.

>As noted by another member of this Court:
>
>Some courts have held that a validation notice fails to satisfy the statute unless it states the total amount due as of the date the letter is sent and also discloses whether the amount of the debt will increase due to interest.... [O]ther courts have held that a validation notice satisfies the statute if it states the total amount of the debt (including interest and any other charges) as of the date the letter is sent.

*King v. AllianceOne Receivables Management, Inc.*, 2012 WL 4758220 at *2 (E.D. Tenn. Oct. 5, 2012) (J. Jordan) (quoting *Jones v. Midland Funding, LLC*, 755 F. Supp. 2d 393, 397 (D. Conn. 2010)); *Ivy v. Nations Recovery Center, Inc.*, 2012 WL 2049387 at **1–2 (E.D. Tenn. June 6, 2012) (J. Jordan) (same). "Under either of these approaches, [Northland] sufficiently disclosed the amount of the debt." *King*, 2012 WL 4758220 at *2. The August 29, 2011 letter clearly states the total amount due as of the date of the letter and further states that the total amount may increase "because of interest." "The common sense reading of the letter is that the balance is accurate as of the date the letter is written," *Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 679 (7th Cir. 2007), but that the amount due may increase

7

"because of interest that may vary from day to day" [Doc. 1, Ex. 1]. Even to an unsophisticated consumer, the language conveys that the total amount due may be more than the amount due as of the date of the letter and the consumer should contact Northland for further information. The Court finds that defendants complied with the requirements of 15 U.S.C. § 1692g(a)(1) and plaintiff cannot plausibly state a claim for failure to state the amount of the debt.

### C.     False Representation of the Amount of the Debt

Plaintiff next claims that the August 29, 2011 letter was "a false, deceptive, and misleading representation of the amount of the debt . . . in violation of 15 U.S.C. § 1692e(2)(A), which is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692f" [Doc. 1 at ¶ 30]. In response, defendants argue that the August 29, 2011 letter clearly stated the amount due and provided the safe harbor language from *Miller*, 214 F.3d at 876 [Doc. 4 at p. 8].

> Section 1692e of the FDCPA provides:
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .(2) the false representation of (A) the character, amount, or legal status of any debt; . . . (10) the failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt, and that any information

8

obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, . . . .

15 U.S.C. § 1692e. Section 1692f states in part, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

Plaintiff argues that the same facts asserted as a violation of section 1692g(a)(1), discussed *supra*, also state a claim under section 1692e(2)(A). "By failing to state the total amount due, including additional interest, in the August 29, 2011 collection letter, Defendant Northland made a false, deceptive, and misleading representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A)" [Doc. 6 at pp. 13-14]. In support of this argument, plaintiff relies on another opinion from this district, *Stonecypher v. Finkelstein Kern Steinberg & Cunningham*, 2011 WL 3489685 (E.D. Tenn. Aug. 9, 2011) (J. Mattice).

In *Stonecypher*, the plaintiff received two collection letters, approximately 6 months apart, stating that he owed a debt of $1,622.42. Attached to the second collection letter were two bank statements which stated two different amounts of debt – $1,707.18 and $1,749.77 – and showed that the balance was incurring interest at a rate of 29.99%. The plaintiff then was served with a civil warrant stating that the amount of debt due was $1,622.42 plus interest at a contract rate of 10%, applicable attorneys fees, and court costs. *Id.* at *1. Given the multiple communications with varying amounts and interest rates, Judge Mattice concluded that the plaintiff had plausibly alleged a claim that the language was false, deceptive, or misleading as to the amount of the debt in violation of 15 U.S.C. § 1692e(2)(A). *Id.* at *6.

9

In contrast to the facts presented in *Stonecypher*, the August 29, 2011 letter did not falsely represent the amount of the debt. As discussed above, the letter plainly stated the amount due as of the date of the letter and that the amount may increase "[b]ecause of interest that may vary from day to day" [Doc. 1, Ex. 1]. The August 29, 2011 letter was not false, deceptive, or misleading. Thus, plaintiff has failed to state a plausible claim for violation of 15 U.S.C. § 1692e(2)(A) or § 1692e(10).

The Court also finds that the complaint contains no additional allegations of any acts which constitute an "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f. Instead, the complaint only summarily claims that the previously complained-of conduct – that is, the alleged failure to state the amount due and provide specifics about other charges, fees, or interest on the debt – is also an unfair means to collect a debt [Doc. 1 at ¶ 30]. This allegation is a conclusion, not a plausible allegation of fact. The plaintiff's failure to support this conclusory allegation with any additional factual allegations dooms her claim under section 1692f. *See Chalik v. Westport Recovery Corp.*, 677 F. Supp. 2d 1322, 1330 (S.D. Fla. 2009) ("a claim of a violation of Section 1692f is deficient if it 'does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA.'") (quoting *Foti v. NCO Fin. Sys. Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006)); *Taylor v. Heath W. Williams, L.L.C.*, 510 F. Supp. 2d 1206, 1217 (N.D. Ga. 2007) ("Her failure to specifically identify how this conduct was also unfair or unconscionable under section 1692f warrants dismissal of this claim").

### D. Privacy Notice Allegations

Plaintiff alleges that the privacy notice included with the August 29, 2011 letter was misleading and deceptive because the least sophisticated consumer would believe "that third parties may be contacted and asked to provide information concerning the Plaintiff other than 'location information'" and "that Defendants may provide 'nonpublic personal information', including the fact that Plaintiff allegedly owes a debt to Defendant LVNV, to third parties outside the list enumerated by the FDCPA" [Doc. 1 at ¶¶ 38–40]. Thus, plaintiff claims that the privacy notice is misleading and deceptive in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), and is an unfair means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f [*Id.* at ¶ 42].

As noted above, 15 U.S.C. § 1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Subsection (5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Subsection (10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). As also noted above, section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

The sections of the privacy notice of which plaintiff complains are entitled "Information We May Collect," "Sharing Collected Information with Affiliates," and

11

"Sharing Collected Information with Third Parties" [Doc. 1 at ¶ 34, Ex. 1].[3] Under "Information We May Collect," the privacy notice describes the following types of personal information that the Sherman Companies may collect:

> (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings.

[Doc. 1, Ex. 1]. Plaintiff appears to claim that this part of the privacy notice "misleads the least sophisticated consumer into believing that third parties may be contacted and asked to provide information concerning the Plaintiff other than 'location information'" [Doc. 1 at ¶ 39]. By the plain language of the notice, the only information the defendants may obtain from third parties, as opposed to information from the account file or from the plaintiff, is information from consumer reporting agencies and publicly available information. Thus, the only third party from whom the defendants may obtain information is a consumer reporting agency, a communication which is specifically permitted by the FDCPA. Section 1692c(b) permits a debt collector to communicate with "a consumer reporting agency if otherwise permitted by law." 15 U.S.C. § 1692c(b). Further, as defendants point out, the Fair Credit

---

[3]As defendants have correctly noted in their briefs [Doc. 4 at p. 10, Doc. 7 at p. 3], plaintiff has misquoted the sections of the privacy notice in her complaint and in her response to the motion to dismiss. Therefore, the Court has relied on the actual language contained in the privacy notice of the August 29, 2011 letter attached to the complaint throughout this opinion.

Reporting Act, 15 U.S.C. § 1681b(a), permits a consumer reporting agency to provide a consumer report to a party attempting to collect a consumer debt. Therefore, the notice to plaintiff that defendants may collect information which they were legally permitted to obtain is not false, deceptive, or misleading, or a threat to take any action that cannot legally be taken in violation of 15 U.S.C. §§ 1692e, 1692e(5), or 1692e(10).

Under the section "Sharing Collected Information with Affiliates," the privacy notice states that "the Sherman Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act" [Doc. 1, Ex. 1]. The "Sharing Collected Information with Third Parties" section of the privacy notice advises that the "Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collect Practices Act" [*Id.*]. Plaintiff alleges that this "misleads the least sophisticated consumer into believing that Defendants may provide 'nonpublic personal information,' including the fact that Plaintiff allegedly owes a debt to Defendant LVNV, to third parties outside the list enumerated by the FDCPA" [Doc. 1 at ¶ 40]. However, this is not what the privacy notice says. As defendants argue, plaintiff's claims are based on a misstatement of the actual language of the privacy notice. The privacy notice clearly states that, consumer information will be shared with affiliates and third parties only "as permitted in connection with administering and collecting accounts under the Fair Debt Collection Practices Act." Thus, defendants have not threatened to communicate with

13

third parties outside those permitted by the FDCPA as alleged; they have stated they will do the opposite. *See Veerhusen v. Capital Mgmt. Servs., LP*, 2010 WL 8019878 at *5 (D. Neb. Jan. 29, 2010) ("a statement that is not misleading or deceptive on its face . . . requires no extrinsic evidence to determine whether it might mislead or deceive unsophisticated, but reasonable, consumers"). The provisions on sharing collected information are not false, deceptive, or misleading or a threat to take any action that cannot legally be taken in violation of 15 U.S.C. §§ 1692e, 1692e(5), or 1692e(10).

Plaintiff also alleges that, if false, "the statement that Defendant LVNV communicates, in connection with collection of the debt, with third parties outside of the parties enumerated under the FDCPA . . . is misleading and deceptive in violation of the FDCPA . . . and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f" [Doc. 1 at ¶ 42]. As noted above, the privacy notice does not state that defendant LVNV will communicate with third parties outside of those enumerated under the FDCPA; it states that defendants will only communicate with third parties as permitted by the FDCPA. Because the statement is not misleading or deceptive, it is also not an unfair means to collect a debt in violation of 15 U.S.C. § 1692f. As with the previously discussed allegations, the plaintiff's failure to support this conclusory allegation with any additional factual allegations dooms her privacy notice claim under section 1692f. *See Chalik*, 677 F. Supp. 2d at 1330 ("a claim of a violation of Section 1692f is deficient if it 'does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA.'") (quoting *Foti*, 424 F. Supp.2d at 667); *Taylor*, 510 F. Supp. 2d at 1218

("Her failure to specifically identify how this conduct was also unfair or unconscionable under section 1692f warrants dismissal of this claim").

### E. Respondeat Superior Liability

Finally, plaintiff alleges that the Sherman defendants are liable via the doctrine of respondeat superior for the FDCPA violations committed by defendant Northland [Doc. 1 at ¶ 47]. Defendants argue that because plaintiff has not stated an FDCPA claim, there can be no respondeat superior liability of the Sherman defendants. Plaintiff has not responded to this argument or provided further support for this claim. Accordingly, because the Court has found that plaintiff has failed to state a claim for violation of the FDCPA, the Court further finds that plaintiff cannot plausibly state a claim for respondeat superior liability.

## III. Conclusion

For all the reasons set forth above, the Court finds that plaintiff has failed to plausibly state a claim for relief under the Fair Debt Collection Practices Act. Accordingly, the defendants' motion to dismiss [Doc. 3] will be **GRANTED** and this case will be dismissed. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE